Long agt. Lyons·et al.

# SUPREME COURT.

## Annie Long agt. Patrick Lyons *et al.*

*Mortgage — Foreclosure — Practice where whole sum is not due — Motion to set aside sheriff's deed — 2 R. S., pages* 191 *and* 192, *secs.* 161, 162, 163 *and* 164.

In an action to foreclose a mortgage, where, at the time the original decree was entered, all the moneys secured by the mortgage were not due; future installments of the principal were to fall due. The decree stated an exact sum as then due and to become due, to wit, $995.72; it also stated that of this sum $395.72 was then due ; the costs were taxed and the amount stated in the decree. After the decree was entered, the mortgagor paid the sum due and the costs to the plaintiff, and she accepted the same. When the next installment fell due it was paid in the same manner. When the last installment fell due, the mortgagee, without notice to the defendants, applied by petition to the court for leave to proceed under the decree and to sell the mortgaged premises ; this was granted, there being no reference ordered or any proof presented, except such as was contained in the petition. The original decree did not contain any provision whatever for permission to proceed thereon, and to sell the premises in case a default should happen in making payment of future installments as they should fall due:

*Held,* that the proceedings taken under the decree, by the plaintiff, after payment by the mortgagor of the sum found due by the same, were wholly irregular and void, and must be set aside as inoperative.

The plaintiff, in accepting from the defendant the principal and interest, together with the costs, waived making the payment in court and taking a decree in the usual form of foreclosure and sale, if subsequent installments should fall due:

The provisions of the Revised Statutes (2 *R. S., pages* 191 *and* 192, *secs.* 161, 162, 163, 164, *original pages and sections*) regulating proceedings in actions for the foreclosure of mortgages, where the whole sum secured is not due, should be strictly observed.

*Erie Special Term, December,* 1875.

Motion to set aside sale and sheriff's deed in a foreclosure case.

BARKER, *J.* — At the time the original decree was entered in this action, all the moneys secured by the mortgage were not due; future installments of the principal were to fall due. The decree stated an exact sum as then due and to become due, to wit, $995.72; it also stated that of this sum $395.72 was then due; the costs were taxed and the amount stated in the decree.

There is no statement in the decree when the future installment will fall due, nor the amount of the same. In fact, the portion of the principal then unmatured fell due in two future installments of $300 each, and bearing interest; this appears in the complaint and by the referee's report.

After the decree was entered the mortgagor paid the sum due and the costs to the plaintiff, and she accepted the same.

When the next installment fell due, as stipulated in the bond and mortgage, the mortgagor paid the same to the mortgagee, the plaintiff. When the last installment fell due, the mortgagee, without notice to the defendants, applied by by petition to the court for leave to proceed under the decree and to sell the mortgaged premises; this was granted, there being no reference ordered or any proof presented, except such as was contained in the petition.

The original decree did not contain any provision whatever for permission to proceed thereon, and to sell the premises in case a default should happen in making payment of future installments as they should fall due. The proceedings taken under the decree, by the plaintiff, after payment by the mortgagor of the sum found due by the same, were wholly irregular and void, and must be set aside as inoperative.

The provisions of the Revised Statutes regulating proceedings in actions for the foreclosure of mortgages, where the whole sum secured is not due, have not been observed (2 *R. S.*, *pp.* 191 *and* 192, *secs.* 161, 162, 163, 164, *original pages and sections*).

By section 162 it is provided that if, after decree entered, the defendant shall bring into court the principal and interest

due, with costs, the proceedings in the suit shall be stayed, but the court shall enter a decree of foreclosure and sale, to be enforced by a further order of the court, upon a subsequent default in the payment of any portion or installment of the principal, or of an interest thereafter to grow due.

The plaintiff, in accepting from the defendant the principal and interest, together with the costs, waived making the payment in court and taking a decree in the usual form of foreclosure and sale, if subsequent installments should fall due.

The plaintiff was not required to accept payment from the hands of the defendant after the decree was entered, but if the latter wished a stay in the execution of the decree, it was incumbent on him to move the court for leave to make the judgment in court and procure the order for a stay, then the plaintiff would be entitled to have a provision inserted in the decree for its enforcement on future defaults.

An observance of the statute in these respects is highly important — both parties are then made acquainted with the terms of the decree and have an opportunity to know and to protect their rights.

The payment made by the mortgagor might well be regarded by him as a satisfaction of the decree; he paid all that was due on his bond and mortgage, with the full costs of the suit; the judgment contained no provision for taking any other proceedings thereon. To permit further steps to be taken under the same, without notice to him, would be to mislead and to wrong him.

The confusion and injustice that must follow by adopting the practice pursued in this action, is very forcibly illustrated by the attitude in which defendant now finds herself concerning the premises sold to the plaintiff at an inadequate price, the same deeded, and the conveyance on record without any notice to her of the steps taken by the adverse party (*Section* 5, *Wait's Pr.*, *pp.* 220, 224; 2 *Barb. Ch. Pr.*, 180, 181 [*2d revised ed.*]).

The court can now, on proper notice to the defendant,

insert in the decree a provision allowing the plaintiff to have a foreclosure and sale on account of the last default.

The court has ample power, when properly applied to, to protect the plaintiff on account of the advancement of moneys on the savings bank mortgage.

The person who has loaned the plaintiff moneys on the premises since the conveyance to her by the sheriff, in law, had notice of the defect of her title.

All the proceedings in the action subsequent to the entry of the original decree are set aside, together with the sheriff's deed and the writ of assistance, with leave to the plaintiff, on notice to all the defendants, to apply to the court for permission to enter a decree of foreclosure and sale on the ground of default in the defendant making payment of the last installment due on the bond and mortgage.

The defendants are entitled to costs of this motion, to be paid by the plaintiff.